UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------x

| | |
|---|---|
| IN RE:<br><br>ZIMMER M/L TAPER HIP PROSTHESIS OR M/L TAPER HIP PROSTHESIS WITH KINECTIV TECHNOLOGY AND VERSYSFEMORAL HEAD PRODUCTS LIABILITY LITIGATION<br><br>*This Document Relates to All Actions*<br><br>*William H. Greene   v. Zimmer, Inc., Zimmer US, Inc., Zimmer Biomet Holdings, Inc. f/k/a Zimmer Holdings, Inc.* | MDL No. 2859<br><br>18-MD-2859 (PAC)<br>18-MC-2859 (PAC)<br><br>**SHORT FORM COMPLAINT**<br><br>**INDIVIDUAL CASE #** |

------------------------------------------------------------------------------x

1.      Plaintiff(s), William H. Greene, state(s) and bring(s) this civil action in MDL No. 2859, entitled *In Re: Zimmer M/L Taper Hip Prosthesis or M/L Taper Hip Prosthesis with Kinectiv Technology and Versys Femoral Head Products Liability Litigation*, against Defendants Zimmer, Inc., Zimmer US, Inc., and Zimmer Biomet Holdings, Inc.

2.      Plaintiff(s) is filing this Short Form Complaint as permitted by this Court's Case Management Order 9, dated February 7, 2019, and hereby incorporates the Master Long Form Complaint filed in MDL No. 2859 by reference.

**PARTIES, JURISDICTION AND VENUE**

3.      Plaintiff, William H. Greene, is a resident and citizen of the State of Ohio and claims damages as set forth below.

4.      ~~Plaintiff's Spouse,         , is a resident and citizen of the State of     , and claims damages as set forth below.~~   *[Cross out Spousal Claim if not applicable.]*

5.      Venue of this case is appropriate in the United States District Court, Northern

District of Ohio. Plaintiff states that but for the Order permitting direct filing into the Southern District of New York pursuant to Case Management Order 9, Plaintiff would have filed in the United States District Court, Northern District of Ohio. Therefore, Plaintiff respectfully requests that at the time of transfer of this action back to the trial court for further proceedings that this case be transferred to the above referenced District Court.

6. Plaintiff brings this action *[check the applicable designation]*:

__X__ On behalf of himself/~~herself~~;

_____ ~~In a representative capacity as the _____ of the _____ having been duly appointed as the _____ by the _____ Court of _____. A copy of the Letters of Administration for a wrongful death claim is annexed hereto if such letters are required for the commencement of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the decedent.~~ *[Cross out if not applicable.]*

## FACTUAL ALLEGATIONS

ALLEGATIONS AS TO **RIGHT-SIDE** IMPLANT/EXPLANT SURGERY(IES): *[CROSS OUT IF NOT APPLICABLE]*

7. Plaintiff was implanted with a Versys Femoral Head in his right hip on or about February 8, 2011, at the University Hospital Cleveland Medical Center, 11100 Euclid Avenue, Cleveland, OH 44106 by Dr. William J. Petersilge.

8. Plaintiff was implanted with the following femoral stem during the February 8, 2011 implantation surgery:

__X__ Zimmer M/L Taper

_____ Zimmer M/L Taper with Kinectiv Technology

9. Plaintiff had the following right hip components explanted on or about May 7,

2018, at University Hospital Cleveland Medical Center, 11100 Euclid Avenue, Cleveland, OH 44106 by Dr. Christopher P. Bechtel:

   __X__           Versys femoral head

   __X__           Zimmer M/L Taper

   _____        Zimmer M/L Taper with Kinectiv Technology

~~[*Cross out if not applicable.*]~~

~~10.   Plaintiff will have the right hip components at issue explanted on or about _____, at _____ (medical center and address) by Dr. _____.~~

~~[*Cross out if not applicable.*]~~

~~11.   Plaintiff has not yet scheduled a surgery for explantation of the right hip components at issue.   [*Cross out if not applicable.*]~~

ALLEGATIONS AS TO **LEFT-SIDE** IMPLANT/EXPLANT SURGERY(IES): [*CROSS OUT IF NOT APPLICABLE*]

~~12.   Plaintiff was implanted with a Versys Femoral Head in his/her left hip on or about _____(date), at the _____(medical center and address) in, _____ by Dr. _____.~~

~~13.   Plaintiff was implanted with the following femoral stem during the _____(date) implantation surgery:~~

~~   _____        Zimmer M/L Taper~~

~~   _____        Zimmer M/L Taper with Kinectiv Technology~~

~~14.   Plaintiff had the following left hip components explanted on or about _____ (date), at _____ by Dr. _____:~~

~~   _____       Versys femoral head~~

~~   _____       Zimmer M/L Taper~~

3

~~_____            Zimmer M/L Taper with Kinectiv Technology~~

15. ~~Plaintiff will have the left hip components at issue explanted on or about _____, at _____ (medical center and address) by Dr. _____.~~ *[Cross out if not applicable.]*

16. ~~Plaintiff has not yet scheduled a surgery for explantation of the left hip components at issue.~~ *[Cross out if not applicable.]*

### **ALLEGATIONS AS TO INJURIES**

17. (a)   Plaintiff claims damages as a result of (check all that are applicable):

__X__          INJURY TO ~~HERSELF~~/HIMSELF

_____         INJURY TO THE PERSON REPRESENTED

_____         WRONGFUL DEATH

_____         SURVIVORSHIP ACTION

__X__          ECONOMIC LOSS

(b)   ~~Plaintiff's spouse claims damages as a result of (check all that are applicable):~~ *[Cross out if not applicable.]*

_____          LOSS OF SERVICES

_____          LOSS OF CONSORTIUM

18. Plaintiff has suffered injuries as a result of implantation of the Devices at issue manufactured by the Defendants as shall be fully set forth in Plaintiff's anticipated Amended Complaint if chosen for bellwether consideration, as well as in Plaintiff's Fact Sheet and other responsive documents provided to the Defendant and are incorporated by reference herein.

19. Plaintiff has suffered injuries as a result of the explantation of the Devices at issue manufactured by the Defendants as shall be fully set forth in Plaintiff's anticipated Amended

Complaint if chosen for bellwether consideration, as well as in Plaintiff's Fact Sheet and other responsive documents provided to the Defendant and are incorporated by reference herein. *[Cross out if not applicable.]*

20.   Defendants, by their actions or inactions, proximately caused the injuries to Plaintiff(s).

21.   Due to the nature of the defect, Plaintiff(s) could not have known that the injuries he/she suffered were as a result of a defect in the Devices at issue at the time they were implanted or for any period afterwards until the defect was actually discovered by Plaintiff(s).

### **CASE-SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY**

22.   The following claims and allegations are asserted by Plaintiff(s) and are herein adopted by reference from the Master Long Form Complaint (check all that are applicable):

| | | |
|---|---|---|
| __X__ | | COUNT I - NEGLIGENCE; |
| __X__ | | COUNT II - NEGLIGENCE PER SE; |
| __X__ | | COUNT III - STRICT PRODUCTS LIABILITY - DEFECTIVE DESIGN; |
| __X__ | | COUNT IV - STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT; |
| __X__ | | COUNT V - STRICT PRODUCTS LIABILITY- FAILURE TO WARN; |
| __X__ | | COUNT VI - BREACH OF EXPRESS WARRANTY; |
| __X__ | | COUNT VII- BREACH OF WARRANTY AS TO MERCHANTABILITY; |
| __X__ | | COUNT VIII - BREACH OF IMPLIED WARRANTIES; |
| __X__ | | COUNT IX - VIOLATION OF CONSUMER PROTECTION LAWS |
| __X__ | | COUNT X –NEGLIGENT MISREPRESENTATION |

   __X__        COUNT XI- FRAUDULENT CONCEALMENT

   __X__        COUNT XII - UNJUST ENRICHMENT

   _____        COUNT XIII – LOSS OF CONSORTIUM

   _____       COUNT XIV – WRONGFUL DEATH

   _____       COUNT XV- SURVIVAL ACTION

In addition to the above, Plaintiff(s) assert the following additional causes of action under applicable state law:

   _____       PUNITIVES DAMAGES

   __X__        OTHER:    __Ohio Consumer Sales Practices Act, Ohio Rev. Code Sections 1345.01 et seq__

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff(s) pray for judgment against Defendants as follows:

1. For compensatory damages requested and according to proof;

2. For all applicable statutory damages of the state whose laws will govern this action;

3. For an award of attorneys' fees and costs;

4. For prejudgment interest and costs of suit;

5. Exemplary damages;

6. For restitution and disgorgement of profits; and,

7.     For such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff(s) hereby demand(s) a trial by jury as to all claims in this action.

Date: __1/15/2021_____                                      Respectfully submitted,

                                                                _/s/ Paula S. Bliss_____
                                                                 BY:   Paula S. Bliss, MA Bar 652361
                                                                 Bernheim Kelley Battista & Bliss
                                                                 4 Court Street
                                                                 Plymouth, MA 02360
                                                                 (617) 865-3642
                                                                 pbliss@bkbblaw.com